IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LENAHAN, PETER AUBRY, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> SANTA ROSA RANCHERIA TACHI TRIBE dba PALACE INDIAN GAMING CENTER, <br><br> Defendant. | 1:05-cv-00608-AWI-SMS <br><br> **ORDER TO SHOW CAUSE (1) WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION, AND (2) WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO REGISTER FOR CM/ECF PURSUANT TO LOCAL RULES 11-110 AND 5-133(d)(3)** <br><br> Date:  10/7/05 <br> Time:  9:30 a.m. <br> Ctrm:  Four <br> Judge: Hon. Sandra M. Snyder, U.S. Magistrate Judge |

This matter came on regularly for a Mandatory Scheduling Conference on August 23, 2005 at 9:15 a.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge, pursuant to the court's Order Setting Mandatory Scheduling Conference, filed May 6, 2005 (doc. 3), the same date plaintiffs, through counsel, filed their complaint (doc. 1).  Plaintiffs, through counsel, DID NOT appear or otherwise contact the court.  It is unknown to the court if defendant has been served as an appearance has not yet been made.

1

1  Further, a Notice of Electronic Filing Requirement (doc. 4), filed May 10, 2005, was issued to plaintiffs' counsel, William B. Palmer, for his failure to register for the court's Case Management/Electronic Case Filing (CM/ECF) system as required by this Court's standard Scheduling Conference Order, and, specifically, No. 15 thereof, as follows:

15. Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.  Attorneys are required to file electronically in pro se cases.  More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Amended Local Rules effective January 3, 2005, the Court's CM/ECF Final Procedures, and the Court's CM/ECF User's Manual.

While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an improper format.  An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing, or other violations of these electronic filing procedures.  See L.R. 11-110 & 5-133(d)(3).

2

1 | If counsel has not already done so, counsel **must** register
2 | for CM/ECF as soon as possible.  On-line registration is available
3 | at www.caed.uscourts.gov.  Once registered, counsel will receive a
4 | login and password in approximately one (1) week.  Counsel must be
5 | registered to file documents on-line.  See L.R. 5-135(g).  Counsel
6 | are responsible for knowing the rules governing electronic filing
7 | in the Eastern District.  Please review the Court's Local Rules
8 | effective January 3, 2005, available on the Court's web site.
9 | Therefore, a review of the instant action indicates that
10 | plaintiffs, through counsel, have not diligently prosecuted this
11 | case.  The court possesses the discretionary authority to dismiss
12 | an action based on plaintiffs' failure to prosecute diligently.
13 | Fed. R. Civ. P. 41(b); Schwarzer, Tashima & Wagstaffe, Fed. Civ.
14 | Proc. Before Trial ¶ 16:431 (1997).  Unreasonable delay by
15 | plaintiffs is sufficient to justify dismissal, even in the absence
16 | of actual prejudice to defendants (Moore v. Telfon Communications
17 | Corp., 589 F.2d 959, 967-68 (9th Cir. 1978)) since a presumption of
18 | injury arises from the occurrence of unreasonable delay. Fidelity
19 | Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27,
20 | 29 (9th Cir. 1978).  Plaintiffs then have the burden of showing
21 | justification for the delay and, in the absence of such showing,
22 | the case is properly dismissed for failure to prosecute.  Nealey v.
23 | Transportation Maritima Mexicana, S.A., 662 F.2d 1275 (9th Cir. 1980).
24 | **IT IS HEREBY ORDERED:**
25 | 1.   That this matter be set for hearing on October 7, 2005 at
26 | 9:30 a.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder,
27 | United States Magistrate Judge, for consideration of dismissal for
28 | plaintiffs' lack of prosecution.

3

2.  If plaintiffs, through counsel, have any reasons why this action should not be dismissed, they shall be submitted by sworn declaration of facts on or before **September 19, 2005**, to which a supporting memorandum of law may be appended, to include:

    (A)  an explanation of the lack of activity in this case; and,

    (B)  shall list each specific step plaintiffs, through counsel, plan to take to prepare this case for trial.

3.  Additionally, if plaintiffs, through counsel, have any reasons why they should not be sanctioned for failure to register for CM/ECF, they shall also be submitted by sworn declaration of facts on or before **September 19, 2005**.

Plaintiffs, through counsel, are advised that failure to comply with and/or respond to this Order will result in Findings and a Recommendation to the District Court that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 24, 2005**          /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE

4